Appeal from an order of the Monroe County Court (Frank P Geraci, Jr., J.), entered September 17, 2012. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in denying his request for a downward departure to risk level two. We reject that contention. “A departure from the presumptive risk level is warranted where ‘there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines’ (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]). There must exist clear and convincing evidence of the existence of special circumstance to warrant an upward or downward departure” (People v Guarnan, 8 AD3d 545, 545 [2004]; see People v Mc *1360 Daniel, 27 AD3d 1158, 1159 [2006], lv denied 7 NY3d 703 [2006]; People v Douglas, 18 AD3d 967, 968 [2005], lv denied 5 NY3d 710 [2005]).
Here, the reasons proffered by defendant in support of his request for a downward departure — the fact that he participated in various programs offered to him in prison, thus making him a “changed man,” and his assertion that he is not a “serial rapist” — were already taken into account by the guidelines, as reflected by the scoring on the risk assessment instrument, and thus may not provide the basis for a downward departure (see People v Smith, 108 AD3d 1215, 1216 [2013], lv denied 22 NY3d 856 [2013]; People v Kotzen, 100 AD3d 1162, 1162-1163 [2012], lv denied 20 NY3d 860 [2013]). Defendant thus “failed to establish his entitlement to a downward departure from the presumptive risk level inasmuch as he failed to present the requisite clear and convincing evidence of the existence of special circumstances warranting a downward departure” (People v Marks, 31 AD3d 1142, 1143 [2006], lv denied 7 NY3d 715 [2006]; see People v Hamelinck, 23 AD3d 1060, 1060 [2005]).
Present — Centra, J.P, Fahey, Lindley, Sconiers and Whalen, JJ.